UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER THOMAS,<br><br>                Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 07-2905-JTL<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On May 11, 2007, Walter Thomas ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of his application for Disability Insurance Benefits. On June 4, 2007, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On June 15, 2007, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on November 19, 2007, defendant filed an Answer to the Complaint. On January 24, 2008, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On April 28, 2005, plaintiff filed an application for Disability Insurance Benefits alleging a disability onset date of January 1, 2002.[1] (See Administrative Record ["AR"] at 12). Plaintiff's last insured date for the purpose of his application was June 30, 2002. The Commissioner determined plaintiff was not disabled from January 1, 2002 to June 30, 2002, the date last insured, and, therefore, denied plaintiff's application for benefits. (AR at 30-35). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 36).

On September 20, 2006, the ALJ conducted a hearing in Downey, California. (See AR at 143-47). Plaintiff did not appeared at the hearing. (See AR at 145-47). The ALJ deemed plaintiff a non-essential witness and proceeded with the hearing. (AR at 146). On September 28, 2006, the ALJ issued her decision denying benefits to plaintiff. (AR at 12-14). The ALJ determined that the objective medical evidence failed to establish the existence of a medically determinable impairment that could reasonably be expected to produce the symptoms plaintiff alleged. (AR at 13). Due to the lack of objective medical evidence to establish a medically determinable impairment on or prior to June 30, 2002, the ALJ concluded that plaintiff was not disabled from January 1, 2002, the alleged onset date, through June 30, 2002, the date last insured. (AR at 14). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 4-6).

Thereafter, plaintiff appealed to the United States District Court.

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1.   The ALJ erred in concluding that plaintiff was a non-essential witness at the September 20, 2006 hearing and proceeding with the hearing in his absence.

2.   The ALJ failed to meet her duty to develop the record with regard to plaintiff's 1999 work-related injury and subsequent medical treatment.

---

[1] Plaintiff also filed an application for Supplemental Security Income at that time and was found disabled for supplemental security income benefits as of April 28, 2005. (See AR at 12).

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**DISCUSSION**

**A.    The Sequential Evaluation**

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is

presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Parra, 481 F.3d at 746. If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Id.

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Id. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.     The ALJ's Determination That Plaintiff Was a Non-essential Witness**

Plaintiff alleges that the ALJ erred by declaring plaintiff a non-essential witness at the September 20, 2006 ALJ hearing and proceeding with the hearing in his absence. (Joint Stipulation at 3-5). Plaintiff argues that he was clearly an essential witness given that there was not enough information to know if substantiating medical records existed and, thus, the ALJ violated his due process right to a fair hearing by proceeding with the hearing in his absence. (Joint Stipulation at 4-5). Defendant argues that the ALJ properly determined that plaintiff was a non-essential witness because the threshold issue in the disability determination was whether the objective medical evidence demonstrated that plaintiff suffered from a medically determinable impairment prior to June 30, 2002. (Joint Stipulation at 5).

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount. But the range of interests protected by procedural due process is not infinite." Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972). In order to have a property interest in a benefit, a person must have more than an abstract need or desire for it, he or she must have a legitimate claim of entitlement to it. Id. at 577. The Supreme Court has applied procedural due process considerations to situations involving the examination of physicians' reports in a disability

hearing as well as to situations involving terminations of benefits. See Richardson, 402 U.S. at 402.

Indeed, a claimant whose application for disability benefits has been denied has a well protected right to a full and fair hearing. In McNatt v. Apfel, 201 F.3d 1084 (9th Cir. 2000), the Ninth Circuit held that when a claimant is absent from his or her hearing and the claimant's representative appears and requests an adjournment, the ALJ must postpone the hearing. 201 F.3d at 1088. The Ninth Circuit discussed the Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX") provision I-2-425(D), entitled "Claimant's Representative Appears at Hearing Without the Claimant," which provides as follows:

> If a claimant's representative appears at a scheduled hearing without the claimant, the ALJ must determine whether the claimant is an essential witness for a proper determination of the case.
>
> 1. If the claimant is not considered to be an essential witness, the ALJ should proceed with the hearing and issue the decision.
>
> 2. If an ALJ determines that claimant is an essential witness, the ALJ should offer to postpone the hearing so that the claimant may appear.

McNatt, 201 F.3d at 1088.

Here, plaintiff did not appear at his September 20, 2006 ALJ hearing. The ALJ began the hearing by noting plaintiff's absence and asking Dan Keenan, plaintiff's attorney, if he had any explanation regarding plaintiff's absence. (AR at 145). Mr. Keenan replied that he had sent plaintiff the notice of the hearing, that his last contact with plaintiff was in August, and that he believed "[plaintiff] was aware of today's hearing, but I don't know why he's not here today." Id. The ALJ noted that the hearing was scheduled to begin at 9:30 a.m. and that after waiting

until 10:15 a.m., the ALJ determined plaintiff was a "no show." (AR at 147-48). The ALJ then deemed plaintiff a non-essential witness. (AR at 148). Thereafter, the ALJ noted that plaintiff's date last insured was June 30, 2002, but the medical record only contained records beginning in 2005, which followed a bicycle accident plaintiff was injured in in early 2005. (AR at 148). The ALJ then noted that there was no indication in the medical record that plaintiff was limited to less than light work at any time prior to July 2005. (AR at 148). Accordingly, the ALJ stated that the case would be decided at step two of the sequential evaluation. Id.

In the decision, the ALJ found "no objective evidence to establish any medically determinable impairment on or prior to June 30, 2002" and determined a finding of non-disabled was required at step two of the sequential evaluation process. (AR at 14). With regard to plaintiff's absence at the hearing, the ALJ noted that in light of the absence of objective evidence, it would not have mattered if plaintiff were present at the hearing. Id. The ALJ explained that "[plaintiff's] testimony alone of any alleged impairments from January 1, 2002 through June 30, 2002, without substantiation by objective medical evidence, would not be enough to establish a medically determinable impairment, severe or otherwise." Id. In addition, the ALJ noted that plaintiff had been receiving supplemental security income since April 2005 and that "his failure to appear at the hearing suggests that he has abandoned his Title 2 claim." Id.

The ALJ properly determined that plaintiff was a non-essential witness. The threshold question at the hearing was whether objective medical evidence demonstrated that plaintiff suffered from a medically-determinable impairment prior to June 30, 2002. It is well settled that if a claimant's ailment does not pass step two of the sequential evaluation, it is not disabling. Ball v. Massanari, 254 F.3d 817, 823 (9th Cir. 2001); see also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005). "In the absence of a showing that there is a 'medically determinable physical or mental impairment,' an individual must be found not disabled at step 2 of the sequential evaluation process. No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a

medically determinable physical or mental impairment." Social Security Ruling ("SSR") 96-4p.[2] Thus, the ALJ properly determined that plaintiff was a non-essential witness and proceeded with the hearing as directed by HALLEX provision I-2-425(D) ("if the claimant is not considered to be an essential witness, the ALJ should proceed with the hearing and issue the decision.)

Furthermore, plaintiff is not arguing that he was not given an opportunity to present additional medical evidence at the hearing, rather, he appears to be arguing that he was not given an opportunity to testify whether any medical evidence prior to 2005 existed. Plaintiff had multiple opportunities to submit additional medical evidence. In his request for a hearing dated August 10, 2005, plaintiff stated that he had no additional evidence to submit. (AR at 36). In a letter to plaintiff dated May 8, 2006, the ALJ asked plaintiff to "[p]lease furnish all medical records (not duplicates) from one year prior to the alleged onset date to the present and any other relevant medical records not already in file." (AR at 70). The only additional records plaintiff sent in response were records relating to the treatment he received from August 13, 2005 through January 12, 2006 at the UCLA Medical Center. (See AR at 126-142). In addition, plaintiff's counsel did not request a continuance, submit any additional information, or provide an explanation for plaintiff's failure to appear at the hearing, either at the hearing or at any time afterwards. If any additional relevant medical records did exist, plaintiff had numerous opportunities to inform the ALJ that such evidence existed.

In light of the numerous opportunities plaintiff and his counsel had to inform the ALJ of any existing relevant medical records, even if the ALJ did err in classifying plaintiff as a non-essential witness and proceeding with the hearing without him, such error is harmless an cannot serve as the basis for remand. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (a decision of the ALJ will not be reversed for errors that are harmless).

///

---

[2] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

**C.     The ALJ's Duty to Develop the Record**

Plaintiff argues that the ALJ failed to meet her duty to develop the record regarding plaintiff's November 1999 work-related injury and whether he filed a subsequent workers compensation claim. (Joint Stipulation at 9). Plaintiff argues that because it was unknown whether a worker's compensation claim was filed, the ALJ failed to meet her duty to fully develop the record.

In Social Security cases, the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983); Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 1991). This duty exists even when the claimant is represented by counsel. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001). The duty to develop the record arises where the record before the ALJ is ambiguous or inadequate to allow for proper evaluation of the evidence. 20 C.F.R. §§ 404.1512(e), 416.912(e); Mayes, 276 F.3d at 459. When the evidence is ambiguous, or if the ALJ finds that the record is inadequate to allow for proper evaluation of disability, the ALJ's duty to develop the record is triggered and he or she must "conduct an appropriate inquiry." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). Although the ALJ has a duty to develop the record, the burden of proving disability remains on the claimant. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

Plaintiff argues that the question of whether a 1999 workers compensation claim existed constituted sufficient ambiguity to trigger the ALJ's duty to develop the record. Plaintiff cites to the summary of the orthopaedic evaluation conducted by Max Moses, M.D., dated July 5, 2005, in which Dr. Moses states plaintiff is a "reliable historian" and notes, under "History of Present Illness," that plaintiff "states that he injured his neck in November of 1999 while working as a janitor . . . He continued working but the pain became progressively worse. He quit working in March of 2000." (AR at 106). Plaintiff argues that if such a claim was filed, then medical evidence of the injury would exist. (Joint Stipulation at 9).

Plaintiff's claim is without merit. The requisite ambiguity or inadequacy of the record was not present to trigger the ALJ's duty to develop the record further. See Mayes, 276 F.3d at 459.

1  Plaintiff bears the burden of proving that he is disabled. <u>Bayliss</u>, 427 F.3d at 1217 (citing
2  <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir. 1999)). As discussed above, plaintiff had
3  multiple opportunities to submit medical records into evidence and inform the ALJ that such
4  records existed. The ALJ sent letters to plaintiff and his identified medical providers requesting
5  medical evidence for treatment beginning on January 1, 2002, yet no medical records prior to
6  2005 were submitted. (<u>See</u> AR at 70; 71-72; 91). Plaintiff failed to meet his burden to establish
7  a medically determinable impairment and the ALJ found the evidence sufficient to make a
8  determination regarding plaintiff's disability. <u>See</u> <u>Bayliss</u>, 427 F.3d at 1217. Because the ALJ's
9  duty to develop the record was not triggered, the ALJ committed no error by making no further
10 inquiries.

**ORDER**

After careful consideration of all documents filed in this matter, this Court finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards. The Court, therefore, AFFIRMS the decision of the Commissioner of Social Security Administration.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 20, 2008

                                      /s/
                                      JENNIFER T. LUM
                                      UNITED STATES MAGISTRATE JUDGE